IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES,

    Plaintiff,

       v.                 CRIMINAL NO.: WDQ-08-0415

JAMAL STEWART,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Jamal Stewart pled guilty to conspiracy to distribute, and possess with intent to distribute, fifty grams or more of cocaine base (crack cocaine) and one kilogram or more of heroin. Pending is Stewart's motion to reduce his sentence based on the reduced Sentencing Guidelines for crack cocaine offenses.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  For the following reasons, Stewart's motion will be denied.

I.   Background

On May 15, 2009, Stewart pled guilty to conspiracy to distribute, and possess with intent to distribute, fifty grams or more of crack cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846.  ECF Nos. 150, 151 ("Plea Agreement").  The plea was entered into under Fed. R. Crim. P. 11(c)(1)(C) (a "C plea").  *Id.* ¶ 6(d).  In the Plea Agreement, Stewart agreed that the Court would determine a Guidelines sentencing range and would "take into account the advisory

guidelines range in establishing a reasonable sentence." *Id.* ¶
5.  The parties stipulated that because the conspiracy involved
1.5 to 4.5 kilograms of crack cocaine, Stewarts base offense
level was 36 under U.S.S.G. § 2D1.1(a)(3) and (c)(2); and
because the conspiracy involved at least one kilogram of heroin,
the base offense level for heroin was 32.  *Id.* ¶ 6(b).  However,
because Stewart was a "career offender" under U.S.S.G. § 4B1.1,
his actual base offense level was 37.  *Id.*  Accordingly,
Stewart's criminal history category was VI.  *Id.* ¶ 7.  With a
three-level reduction for acceptance of responsibility and
timely notification of his intention to plead guilty, Stewart's
final offense level was 34, which, with his criminal history
category, yielded a Guidelines sentencing range of 262 to 327
months.  *Id.* ¶¶ 6(c), 7.  The parties stipulated to a sentence
within the range of 262 to 292 months.  *Id.* ¶ 6(d).  The Court
sentenced Stewart to 262 months imprisonment.  ECF No. 199.

Effective November 1, 2011, Sentencing Commission Amendment
750 retroactively changed the Guidelines for crack cocaine
offenses. See U.S.S.G., App. C, Amend. 750 (2012); *see also*
U.S.S.G. § 2D1.1(c) (2012).  On March 13, 2014, the Federal
Public Defender moved for a reduction in Stewart's sentence
under 18 U.S.C. § 3582(c)(2) based on Amendment 750.  ECF No.

338 ("Mot.")[1]  On June 2, 2014, the government opposed the

motion.  ECF No. 344 ("Opp.").  On June 9, 2014, Stewart replied

("Reply").  Effective November 1, 2014, Sentencing Commission

Amendment 782 retroactively changed the Guidelines for drug

offenses.  *See* U.S.S.G. Supp. App. C, Amend. 782 (2014); *see*

*also* U.S.S.G. § 2D1.1(c) (2014).[2]

II. Analysis

Stewart seeks a reduction under 18 U.S.C. § 3582(c)(2).

Mot. at 1.  Section 3582(c)(2) states that a defendant

"sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission"

may seek a reduction in sentence, "if such a reduction is

consistent with applicable policy statements issued by the

Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also*

U.S.S.G. § 1B1.10(a)(1)(2014).  In resentencing, the court

"shall substitute the amended Guidelines range for the initial

range, and shall leave all other guideline application decisions

---

[1] Stewart's *pro se* motions for a reduced sentence under 18 U.S.C.
§ 3582(c)(2) and Amendment 750, ECF No. 312, and to appoint
counsel, ECF No. 321, will be denied as moot.

[2] Amendment 782 is broader than Amendment 750, "lowering the base
offense level for most drug quantity offenses under [U.S.S.G.]
§ 2D1.1" *United States v. Thomas*, 775 F.3d 982, 982-83 (8th Cir.
2014).  The Commission made Amendment 782 retroactive effective
November 1, 2015.  *See* U.S.S.G. § 1B1.10(d),(e)(1) ("The court
shall not order a reduced term of imprisonment based on
Amendment 782 unless the effective date of the court's order is
November 1, 2015, or later.").

unaffected." *Dillon v. United States*, 560 U.S. 817, 821, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010) (*quoting* U.S.S.G. § 1B1.10(b)(1)).  A reduction is *inconsistent* with the applicable policy statement if the amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  The Guidelines define "applicable guideline range" as "the guideline range that . . . is determined before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10, cmt. n.1(A).

The government relies on *Freeman v. United States*, 131 S. Ct. 2685, 180 L.Ed.2d 519 (2011), and *United States v. Frazier*, 531 F. App'x 308, 309 (4th Cir. 2013) (unpublished), to argue that Stewart is ineligible for relief.  Opp. at 1-2.  Stewart argues that neither case forecloses relief.  Reply at 1-3.

In *Freeman*, the Supreme Court, in a divided opinion, addressed retroactive Sentencing Guidelines under § 3582(c)(2) in the context of a C plea.  Although Justice Kennedy wrote for the plurality, the courts of appeal have read Justice Sotomayor's opinion, the narrowest ground of those justices concurring in the judgment, as controlling.[3]  In *Freeman*, Justice

---

[3] *See, e.g., United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012); *United States v. Thompson*, 682 F.3d 285, 289-90 (3d Cir. 2012); *United States v. Rivera-Martinez,* 665 F.3d 344, 348 (1st Cir. 2011); *United States v. Brown*, 653 F.3d 337, 340 & n. 1 (4th Cir. 2011); *see also Marks v. United States*, 430 U.S. 188, 193-94, 97 S. Ct. 990, 51 L.Ed.2d 260 (1977) (test for deciding

Sotomayor stated that a "term of imprisonment ... pursuant to [a C plea] is 'based on' the agreement itself, not on the judge's calculation of the Sentencing Guidelines" for purposes of a reduction under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment).

However, Justice Sotomayor recognized two instances when a defendant who enters a C plea may be able to show that his sentence had been "based on a [Guidelines] sentencing range" under 18 U.S.C. § 3582(c)(2). First, when the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," and the district court accepts the plea, "there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id*. at 2697. Second, when the plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty," and the "sentencing range is evident from the agreement itself," then

---

controlling opinion). *But see United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013) (no controlling opinion in *Freeman*).

"the term of imprisonment imposed by the court in accordance
with that agreement is 'based on' that range."  *Id.* at 2697-98.[4]

In *Frazier*, the petitioner had argued that Justice
Sotomayor's second exception applied.  531 F. App'x at 310.  The
Fourth Circuit disagreed; although the petitioner's plea
agreement had provided for a specific term of imprisonment, it
had not made "clear that the specified term is a Guidelines
sentencing range applicable to the sentence of conviction," and
no Guideline range had been "evident from the agreement itself."
*Id.* (noting that petitioner's plea agreement had "disclaimed any

---

[4] In *Freeman*, pursuant to a plea agreement under which the
petitioner pled guilty to drug and firearms offenses, the
district court sentenced the petitioner to 106 months
imprisonment.  131 S. Ct. at 2699.  The 106 month sentence
included a 60 month mandatory minimum for possessing a firearm
in furtherance of a drug trafficking crime under 18 U.S.C. §
924(c)(1)(A).  *Id.*  In determining the reason for the remaining
46 months, Justice Sotomayor noted that the plea agreement set
the petitioner's offense level at 19, which had been "determined
*by the quantity of drugs* and his acceptance of responsibility,"
and his anticipated criminal history category of IV.
*Id.*(emphasis added).  The petitioner's offense level and
criminal history category resulted in a guidelines range of 46
to 57 months; thus, the petitioner had been sentenced at the low
end of the guidelines range in conjunction with the 60 month
mandatory minimum.  *Id.* at 2699-700.  Accordingly, Justice
Sotomayor concluded that that the petitioner's prison term had
been "based on" a Guidelines range under 18 U.S.C. § 3582(c)(2).
*Id.* at 2700.  Justice Sotomayor further concluded that the
Guidelines range used to establish the petitioner's sentence had
been lowered by Amendment 706, which amended the guidelines
applicable to crack cocaine offenses.  *Id.* at 2700; *see also*
U.S.S.G. Supp. App. C, Amend. 706 (amending U.S.S.G. § 2D1.1(c)
effective November 1, 2007).  For those reasons, the petitioner
was entitled to a reduced sentence.  *Freeman*, 131 S. Ct. at
2700.

agreement as to his criminal history or criminal history
category and gave no Guidelines sentencing range.")(internal
quotation marks omitted).

Stewart argues that *Frazier* is distinguishable because,
here, "the [Plea Agreement] plainly spells the expected
guideline range that would apply to [Stewart] and how it was
calculated." Reply at 2. Stewart further argues that his case
is within Justice Sotomayor's first exception. *Id*. at 2.

Here, the parties stipulated to a sentence between 262 and
327 months and agreed that the Court would take into account the
Sentencing Guidelines when determining Stewart's sentence. Plea
Agreement ¶¶ 5, 6(d). Stewart's Plea Agreement further stated
that Stewart was a career offender under U.S.S.G. § 4B1.1(b),
had a base offense level of 37 and a criminal history category
of VI, and was eligible for a three-level downward departure;
thus, his total offense level was 34. *Id*. ¶¶ 5-7. According to
Stewart, the 262 to 327 month Guidelines range corresponded to
an offense level of 34 and criminal history category of VI.
Reply at 4.[5]

---

[5] Stewart further asserts that the range "constituted a [three]-
level downward variance from [his] applicable guideline range of
360 months to life, which was calculated using a final offense
level [of] 37 and criminal history category [of] VI." *Id*.
(*citing* Presentence Report ("PSR") ¶¶ 21, 36, 47).

The PSR made the following calculations as to Stewart's offense
level: (a) base offense level under U.S.S.G. § 2D1.1 (38); (b)

7

The Court assumes, without deciding, that the Plea
Agreement accepted by the Court "call[s] for [Stewart] to be
sentenced within a particular Guidelines sentencing range." *See*
*Freeman*, 131 S. Ct. at 2697; *cf. United States v. Sylvester*, 510
F. App'x 137, 142 (3d Cir. 2013) (unpublished) (*Freeman*
exception not met when agreement called for a sentence based on
the applicable statutory maximum). However, Stewart is not
entitled to a sentence reduction because he has not demonstrated
that his "sentencing range . . . has subsequently been lowered
by the Sentencing Commission" as required by 18 U.S.C. §
3582(c)(2). Stewart's Guidelines range was based on his career
offender designation under U.S.S.G. § 4B1.1. *See* Plea Agreement
¶ 7; *cf. Freeman*, 131 S. Ct. at 2700 (petitioner's Guidelines

---

specific offense characteristics (-2); (c) role in the offense
(+4); (d) acceptance of responsibility (-3); and (e) total
offense level under U.S.S.G. § 2D1.1 with adjustments (37). PSR
¶¶ 14-21. The PSR then calculated Stewart's offense level as a
career offender: (a) base offense level (37); (b) acceptance of
responsibility (-3); and (c) total offense level under U.S.S.G.
§ 4B1.1 (34). *Id.* ¶ ¶ 22-24. The PSR stated that Stewart's
total offense level should be calculated under U.S.S.G. § 2D1.1
because it resulted in a higher total offense level. *Id.* ¶ 25.
An offense level of 37 and a criminal history category of VI
resulted in a Guidelines range of 360 months to life. *Id.* ¶ 47.
However, the Plea Agreement did not rely on the PSR's U.S.S.G. §
2D1.1 calculations when it stated Stewart's total offense level;
instead, it relied on Stewart's career offender designation and
corresponding offense level. Plea Agreement ¶¶ 6(b), 7.
Additionally, when determining whether a sentence meets the
*Freeman* exception, the Court must "necessarily look to the
agreement itself." *Freeman*, 131 S.Ct. at 2698 n. 2 (Sotomayor,
J., concurring in judgment).

sentencing range based on drug quantity).  Neither Amendment

750--nor the later Amendment 782--amended U.S.S.G. § 4B1.1.  *See*

U.S.S.G., App. C, Amend. 750 (2012); U.S.S.G. Supp. App. C,

Amend. 782 (2014).[6]   Further, there is no evidence that this

Court relied on the crack cocaine Guideline when it calculated

the extent of Stewart's departure.  *United States v. Ervin*, 533

F. App'x 189, 190 (4th Cir. 2013) (unpublished) (affirming

denial of § 3582(c)(2) motion when petitioner failed to

demonstrate reliance on crack cocaine Guidelines in calculating

departures; district court had reduced petitioner's offense

level because of substantial assistance but did not reduce his

criminal history category); *United States v. Blakeney*, 540 F.

App'x 219 (4th Cir. 2013) (unpublished)(same).[7]   Accordingly,

Stewart's motion will be denied.  *See id.*; *United States v.*

*Nichols*, No. 15-6576, 2015 WL 4538933, at *1 (4th Cir. July 28,

---

[6] *See also United States v. Charles*, 749 F.3d 767, 770 (9th Cir.
2014) (Amendment 750 did not change the career offender
Guidelines); *United States v. Reeves*, 717 F.3d 647, 650 (8th
Cir. 2013) (same); *United States v. Tillman*, 511 F. App'x. 519,
521 (6th Cir. 2013) (same); *Thomas*, 775 F.3d at 982-83
(Amendment 782 did not change the career offender Guidelines).

[7] *Cf. United States v. Munn*, 595 F.3d 183 (4th Cir. 2010)
(although petitioner was a career offender, § 3582(c)(2)
reduction was merited because district court had relied on the
crack cocaine Guidelines in calculating his departure).  *But see*
*United States v. Moton*, 531 F. App'x 377, 378 (4th Cir. 2013)
(unpublished) (recognizing *Munn*'s abrogation by U.S.S.G. App. C,
Amend. 759 (2011)); *United States v. Quarles*, 889 F. Supp. 2d
783, 787 (E.D. Va. 2012) *aff'd*, 521 F. App'x 192 (4th Cir.
2013)(same).

2015) (affirming denial of a § 3582(c) motion when petitioner's sentence was based on his career offender designation and not drug quantity).[8]

III. Conclusion

For the reasons stated above, Stewart's motion will be denied.

_10/21/15_
Date

William D. Quarles, Jr.
United States District Judge

---

[8] Stewart further argues that this Court "routinely grant[s] relief under § 3582(c)(2) to defendants who entered a [C plea]." Reply at 3 (citing, inter alia, United States v. Candis Unita Mack, Crim. Case No. WDQ-08-0348), United States v. Colvin, Crim. Case No. WDQ-01-0607). Mack, however, is distinguishable; the parties had stipulated to a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4). Mack, Crim. Case No. WDQ-01-0607, ECF No. 82 ¶ 6(a). In Colvin, the defendant was classified as a career offender under U.S.S.G. § 4B1.1; however, the parties agreed to a four-level reduction under U.S.S.G. §§ 3E1.1 and 4A1.3 because of his acceptance of responsibility and his criminal history score overrepresented the seriousness of his criminal history. Crim. Case No. WDQ-01-0607, ECF No. 37 at 1 n.2. Thus, his sentence had been "based on (at least in part) . . . U.S.S.G. § 2D1.1." Id. at 3 (internal quotation marks omitted). Following the U.S. Supreme Court's decision in Freeman, the government agreed to the sentence reduction. Colvin, Crim. Case No. WDQ-01-0607, ECF No. 40. Unlike Colvin, here, as noted above, there is no indication that Stewart's sentence was based upon U.S.S.G. § 2D1.1. Plea Agreement ¶ 7; Freeman, 131 S. Ct. at 2697 (Sotomayor, J., concurring in the judgment)("The term of imprisonment imposed by the district court, . . . is not 'based on' . . . background negotiations; instead . . . it is based on the binding agreement produced by those negotiations.") (internal citations omitted). Thus, Stewart is not entitled to relief.