IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff*,<br><br>v.<br><br>JERMAR STEWART,<br>   *Defendant* | Criminal No. ELH-08-0415 |

**MEMORANDUM OPINION**

Jermar Stewart[1] is currently serving a 262-month sentence for drug trafficking, imposed in 2009 by Judge William D. Quarles, Jr., to whom the case was then assigned.[2] Pursuant to Section 404 of the First Step Act of 2018 ("2018 FSA"), Pub. L. No. 115-391, 132 Stat. 5194, 5122 (2018), Stewart has filed, through appointed counsel, a motion for reduced sentence. ECF 469 (the "Motion"). The Motion is supported by thirteen exhibits.

In particular, prior to August 3, 2010, Stewart was convicted of conspiracy to distribute and possess with the intent to distribute controlled substances, pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). The statutory penalties were later modified by the Fair Sentencing Act of 2010 ("2010 FSA"). Therefore, Stewart seeks a sentence of time served, which is the equivalent of about a 14-year sentence, after accounting for good-time credit. ECF 469 at 2. The government opposes the Motion. ECF 474. The defendant replied (ECF 475) and submitted another exhibit.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall grant the Motion, in part.

---

[1] Defendant was indicted under the name Jamal Stewart. However, defense counsel has used the name "Jermar," which appears on various court documents.

[2] Due to the retirement of Judge Quarles, the case was later reassigned to Judge Marvin Garbis. After Judge Garbis retired, it was reassigned to me.

I.      **Factual Background**

Stewart and seven others were indicted on August 28, 2008. ECF 2. Stewart was arrested that day (ECF 21) and thus he has been in continuous custody for about 12 years.

On May 15, 2009, Stewart pleaded guilty to Count One of the Indictment, charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846. The offense carried a mandatory minimum term of imprisonment of 10 years, with a maximum of life imprisonment.

The plea was entered pursuant to a Plea Agreement. ECF 151. It stated, in part, *id.* ¶ 6(b):

> Because it was reasonably foreseeable to the Defendant that the conspiracy involved at least 1.5 kilograms, but less than 4.5 kilograms, of cocaine base, the offense level is thirty-six (36), pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(2); and because the conspiracy involved at least one kilogram of heroin, the base offense level for heroin is thirty-two (32). However, because the Defendant is a career offender, his adjusted offense level is thirty-seven (37), pursuant to U.S.S.G. § 4B1.1(b).

With three deductions for acceptance of responsibility, the parties anticipated a final offense level of 34, along with a criminal history category of VI, based on the defendant's career offender status. *Id.* ¶¶ 6, 7. This resulted in an advisory sentencing guidelines range ("Guidelines" or "U.S.S.G.") of 262 to 327 months of imprisonment. *See* UNITED STATES SENTENCING GUIDELINES.

The plea of guilty was entered under Fed. R. Crim. P. 11(c)(1)(C). *Id.* ¶ 6(d). And, the parties agreed to a sentence within the range of 262 to 292 months of incarceration. *Id.*

The Presentence Report ("PSR," ECF 476) set forth a higher Guidelines range than the parties contemplated in the Plea Agreement.[3] As set forth in the PSR, Count One carried a base

---

[3] I located the PSR in the Chambers file of Judge Quarles. And, I submitted it for docketing, under seal.

offense level of 38. *See* ECF 476, ¶ 14. Two levels were subtracted under U.S.S.G. § 2D1.1, because the offense "involve[d] cocaine base and one or more other controlled substances." *Id.* ¶ 15. Based on the defendant's leadership position, the PSR reflected a four-level enhancement under U.S.S.G. § 3B1.1(a). However, the government did not seek that enhancement in the Plea Agreement. *Compare* ECF 476, ¶ 17 *with* ECF 151 ¶ 6(b)-(c). Subtracting three levels for acceptance of responsibility, the PSR assigned a final offense level of 37. ECF 476, ¶ 37.

Mr. Stewart had ten criminal history points, which equated to a Criminal History Category of V. *Id.* ¶ 35. His prior record included two felony drug distribution offenses. One occurred when the defendant was 18 and the other when he was 21 years old. *Id.* ¶¶ 28-29, 33-34. For each offense, the defendant received a two-year sentence. *Id.* Based on these two felony drug convictions, the PSR indicated that Mr. Stewart qualified as a career offender under U.S.S.G. § 4B1.1. *Id.* ¶ 36. This increased his criminal history category from V to VI. *Id.* With a final offense level of 37 and a criminal history category of VI, the PSR assigned a final Guidelines range of 360 months to life. *Id.* ¶ 47.

Sentencing was held on August 12, 2009. ECF 198. The defendant was then 32 years of age. ECF 476 at 1. Judge Quarles sentenced Mr. Stewart to 262 months of incarceration, followed by five years of supervised release. *See* ECF 199 (Judgment). That sentence corresponded to the bottom of the C plea range and to the bottom of what the parties had anticipated as the Guidelines range.

Mr. Stewart appealed to the Fourth Circuit. ECF 201. On March 17, 2011, the Fourth Circuit dismissed the appeal. *See* ECF 285.

The defendant subsequently moved for a sentence reduction pursuant to Amendment 782 of the Guidelines. *See* ECF 338. Judge Quarles denied the motion by Memorandum Opinion

(ECF 359) and Order (ECF 360) of October 21, 2015. He determined that Mr. Stewart was "not entitled to a sentence reduction because he has not demonstrated that his 'sentencing range . . . has subsequently been lowered by the Sentencing Commission' as required by 18 U.S.C. § 3582(c)(2)." *Id.* at 8. Further, Judge Quarles reasoned that "Stewart's Guidelines range was based on his career offender designation under U.S.S.G. § 4B1.1," which was not amended by Amendment 750 or 782. *Id.* at 8-9.

The Court appointed the Office of the Federal Public Defender on September 13, 2019, to represent Mr. Stewart on a motion for a sentence reduction under Section 404 of the First Step Act. Mr. Stewart has a projected release date of June 5, 2027.

## II. The 2010 Fair Sentencing Act and The 2018 First Step Act

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Jackson,* 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, a district court may modify a previously imposed sentence when modification is "expressly permitted by statute. . . ." 18 U.S.C. § 3582(c)(1)(B). *See Jackson*, 952 F.3d at 495. Section 3582(c)(1)(B) provides: "The court may not modify a term of imprisonment once it has been imposed except that – (1) in any case – ... (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute...."

Of relevance here, modification is permitted for a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2); *see United States v. Smalls*, 720 F.3d 193, 195-96 (4th Cir. 2013). And, the 2018 FSA expressly authorizes the modification of a previously

4

imposed sentence for a defendant affected by earlier statutory changes to the penalty ranges for cocaine base (*i.e.*, "crack" cocaine) offenses. *See Jackson*, 952 F.3d at 495. Indeed, it is clear that Section 404 of the 2018 FSA "makes retroactive certain provisions" of the Fair Sentencing Act of 2010 ("2010 FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See Jackson*, 952 F.3d at 495; *see also United States v. Woodson*, 962 F.3d 812, 813 (4th Cir. 2020); *United States v. Chambers*, 956 F.3d 667, 669-70 (4th Cir. 2020); *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020); *United States v. Wirsing*, 943 F.3d 175, 177-180 (4th Cir. 2019).

The 2010 FSA took effect on August 3, 2010. It was enacted "in response to extensive criticism about the disparity in sentences between crack cocaine offenses and powder cocaine offenses." *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013); *see Gravatt*, 953 F.3d at 260. In order to "alleviate the severe sentencing disparity between crack and powder cocaine," the 2010 FSA "reduced the statutory penalties for cocaine base offenses." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016); *see Dorsey v. United States*, 567 U.S. 260, 264 (2012); *Black*, 737 F.3d at 282. In particular, the 2010 FSA increased the drug quantities that trigger mandatory minimum sentences for crack cocaine. *Dorsey*, 567 U.S. at 269; *Woodson*, 962 F.3d at 814; *Gravatt*, 953 F.3d at 260. Specifically, the crack-to-powder cocaine disparity was reduced from 100-to-1 to 18-to-1. *Dorsey*, 567 U.S. at 269; *Gravatt*, 953 F.3d at 260; *Black*, 737 F.3d at 282.

Under Section 2 of the 2010 FSA, the sentencing range for possession with intent to distribute less than 28 grams of cocaine base is zero to 20 years imprisonment; the sentencing range for possession with the intent to distribute more than 28 grams but less than 280 grams of cocaine base is five to 40 years of imprisonment; and the sentencing range for possession with the intent to distribute more than 280 grams of cocaine base is ten years to life imprisonment. Section 3 of the Fair Sentencing Act, which is not at issue here, eliminated the mandatory minimum

5

sentence for simple possession. Therefore, under the 2010 FSA, Congress increased the threshold quantities needed to trigger mandatory sentencing ranges associated with crack cocaine offenses. *See Dorsey*, 567 U.S. at 269.

Thereafter, the Sentencing Commission amended the Guidelines to conform to the statute. *Gravatt*, 953 F.3d at 260. However, the 2010 FSA did "not apply its changes retroactively," so as to "alter statutory minimum terms of imprisonment" that were previously in effect. *Id.* But, with the enactment of the First Step Act of 2018, Congress rectified the inequity. *Id.*

Section 404(b) of the 2018 FSA "renders these reforms retroactive by authorizing a district court 'that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'" *Woodson*, 962 F.3d at 814. In other words, under Section 404 of the 2018 FSA, the provisions of the 2010 FSA apply retroactively to defendants who were sentenced prior to August 3, 2010, *i.e.*, the effective date of the 2010 FSA. *United States v. Charles*, 932 F.3d 153, 162 (4th Cir. 2019).

Section 404 of the 2018 FSA provides:

**SEC. 404. Application of Fair Sentencing Act.**

(a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced

> in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

The procedural framework that applies to motions under Section 404 is found in 18 U.S.C. § 3582(c)(1)(B). *See Wirsing*, 943 F.3d at 183 (concluding that § 3582(c)(1)(B) is "the appropriate vehicle" for a 2018 FSA motion). Thus, eligible defendants may seek to reduce their sentences, pursuant to 18 U.S.C. § 3582(c)(1)(B).

The 2018 FSA permits, but does not compel, a district judge to reduce a defendant's sentence, as if the 2010 FSA were in effect when the defendant committed the offense. Section 404(c) of the 2018 FSA expressly provides that any relief is discretionary, stating: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."; *see Gravatt,* 953 F.3d at 261; *United States v. Venable*, 943 F.3d 187, 194, n.10 (4th Cir. 2019); *cf. United States v. Sellers*, 776 F. App'x 143 (4th Cir. 2019) (per curiam); *see also Chavez-Meza v. United States*, ___ U.S. ___, 138 S. Ct. 1959, 1966 (2018) (stating that at a resentencing based on a change in the Guidelines range, the judge need not impose a sentence proportional to the sentence imposed under the earlier Guidelines range); *Jackson*, 952 F.3d at 502 (noting that the district court "was not obligated" to reduce the sentence, nor must a reduction based on revised guidelines correspond in proportion to an earlier guidelines sentence).

**B.**

Section 404 of the 2018 FSA makes the provisions of the 2010 FSA available to the defendant, because he was sentenced before August 3, 2010.

As noted, the defendant was charged with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). At that time, 21 U.S.C. § 841(b)(1)(A) provided, in part: "[I]n the case of a violation of subsection (a) of this section involving –

(i) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin;

(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of [cocaine]; [or]

(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ….

With the passage of the 2010 FSA, the quantity of cocaine base necessary to trigger § 841(b)(1)(A)(iii) was increased from 50 grams to 280 grams. *Dorsey*, 567 U.S. at 264. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3" of the 2010 FSA.

In *Wirsing,* the Fourth Circuit rejected the government's contention that courts should look to drug quantity when making an eligibility determination. *Wirsing*, 943 F.3d at 185. The defendant in *Wirsing* was eligible for relief because he committed a violation of 21 U.S.C. § 841(b)(1) before August 3, 2010, and the statutory penalties for the offense were modified by Section 2 of the 2010 FSA. *Id.* at 186. The Fourth Circuit expressly ruled in *Wirsing*, *id.* at 186: "All defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and were not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act."

The defendant's drug conspiracy conviction clearly is a "covered offense" under Section 404 of the 2018 FSA. Thus, Mr. Stewart is eligible for relief under the 2018 FSA. *See Woodson*,

8

962 F.3d at 814 (concluding that when 2010 FSA changed the quantities of crack cocaine to which § 841(b)(1)(C) applies, it modified the statutory penalties of that subsection, and the change constitutes a "covered offense"); *Gravatt*, 953 F.3d at 262 (discussing the "threshold requirement of a 'covered offense'"); *Peters*, 843 F.3d at 575 (stating that the 2010 FSA "reduced the statutory penalties for cocaine base offenses"); *see*, *e.g.*, *United States v. Jacobs*, CCB-01-050, ECF 252 (D. Md. Aug. 30, 2019) ("[E]ligibility for relief under the First Step Act is to be determined by the statutory offense of conviction, rather than relevant conduct or determination of what the government 'would have charged.'"); *United States v. Bass*, RDB-08-0496, ECF 132 (D. Md. Oct. 2, 2019).

### III. Discussion

#### A.

The government contends that Stewart is not eligible for relief because the conspiracy involved both crack cocaine and heroin. However, the government concedes that in *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), decided March 23, 2020, the Fourth Circuit held that a defendant convicted of a drug trafficking conspiracy involving both cocaine base and powder cocaine was eligible for relief under the 2018 FSA. Alternatively, the government urges the Court, in its discretion, to deny relief.

The Fourth Circuit's decisions in *United States v. Woodson*, 962 F.3d at 814; *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020); and *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), make clear that Stewart is eligible for a reduction in sentence under the 2018 FSA. Before August 3, 2010, he committed a violation of 21 U.S.C. § 841(b)(1)(A)(iii), the statutory penalties for which were modified by Section 2 of the 2010 FSA. At the time of defendant's sentencing, a count of conviction alleging 50 grams of crack cocaine fell within § 841(b)(1)(A)(iii), which

9

established a mandatory minimum of 10 years' incarceration and a maximum penalty of life imprisonment. Today, a count of conviction alleging 50 grams of crack cocaine falls within § 841(b)(1)(B), which carries a mandatory minimum of 5 years' incarceration and a maximum penalty of 40 years' incarceration.

Because Mr. Stewart's "sentence involved a covered offense under Section 404(a) and Section 404(c)'s limitations do not apply," he is eligible for a sentence reduction. *Gravatt*, 953 F.3d at 264.

**B.**

As indicated, Section 404 of the 2018 FSA does not "require a court to reduce any sentence pursuant to this section." *Id.* § 404(c). The government urges the Court to continue to view the defendant through the prism of a career offender, notwithstanding the recent decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). In *Norman*, the Fourth Circuit held that a federal drug conspiracy offense is not a qualifying career offender offense under U.S.S.G. § 4B1.2(b). *Id.* at 237-39. However, the government points out that *Norman* is not retroactive.

In *Dillon v. United States*, 560 U.S. 817, 827 (2010), the Supreme Court stated that a court is required "to follow the Commission's instruction in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." As part of the process, the court is required to "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* In ruling on the Motion, the Court also considers the defendant's post-sentencing conduct. *See Pepper v. United States*, 562 U.S. 476, 490 (2011); *United States v. Chambers*, 956 F.3d 667, 674-75 (4th Cir. 2020). Moreover, the court "must conduct 'an individualized assessment of the facts and arguments presented.'" *United States v. Torres-Reyes*,

10

952 U.S. 147, 151 (4th Cir. 2020) (quoting *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017)) (cleaned up).

I agree with other judges who have ruled that, on resentencing, the court should consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate discretionary reduction of sentence. *See*, *e.g.*, *United States v. Logan*, CCB-10-203, ECF 53, 2019 WL 3391618, at *1 (D. Md. July 26, 2019); *United States v. Rose*, 379 F. Supp. 3d 223, 231 (S.D.N.Y. 2019); *United States v. Mitchell*, Cr-05-00110 (EGS), 2019 WL 2647571, at *7-8 (D.D.C. June 27, 2019).

The court considers, *inter alia,* "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Under § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes described in § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The defendant is now 43 years of age. Between 1995 and 1998, when Stewart was between the ages of 18 and 21 years old, he incurred four convictions. Two of the convictions were misdemeanor possession offenses.[4] The four convictions resulted in sentences of imprisonment ranging from six months to two years. And, the government does not claim that the underlying

---

[4] The description of the charges for one of the misdemeanors is not consistent with a misdemeanor. *See* PSR, ¶ 32.

11

offense involved violence on the part of the defendant.  *See* ECF 474 at 10 n.5 (referencing the murder of a cooperator after defendant was convicted, committed by another drug trafficker).

As part of the § 3553(a) analysis, many judges of this court have considered the penalties the defendant would face if prosecuted today.  *See*, *e.g.*, *United States v. Chandler*, GLR-05-0181, ECF 119 at 1-2 (D. Md. May 14, 2020); *United States v. Carter*, ELH-00-0100, ECF 424 at 13-14 (D. Md. Apr. 17, 2020); *United States v. Laurey*, JKB-06-0586, ECF 81 at 1, 3 (D. Md. Feb. 19, 2020); *United States v. Wesley*, JKB-10-0118, ECF 73 at 1 (D. Md. Feb. 18, 2020); *United States v. Smith*, DKC-98-0252, ECF 92 at 4 (D. Md. Feb. 14, 2020); *United States v. Watts*, PJM-06-036, ECF 114 at 7 (D. Md. Feb. 6, 2020); *United States v. Thompson*, CCB-09-0128, ECF 123 at 2 (D. Md. Jan. 16, 2020); *United States v. Branch*, CCB-05-016, ECF 174 at 1 (D. Md. Oct. 18, 2019); *United States v. Turner*, TDC-06-0274, ECF 50 at 3-4 (D. Md. June 28, 2019).

Notably, if Stewart were prosecuted today, he would no longer qualify as a career offender because his offense of conviction—conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846—does not meet the definition of a "controlled substance offense" under U.S.S.G. § 4B1.2.  In *United States v. Norman,* 935 F.3d 232, 239 (4th Cir. 2019), the Fourth Circuit squarely held that a § 846 offense does not qualify as a predicate offense under U.S.S.G. § 4B1.1.

In my view, I may consider *Norman* as I endeavor to impose a reasonable sentence.  *See*, *e.g.*, *United States v. Thompson*, CCB-09-0128, 2020 WL 247390, at *1 (D. Md. Jan. 15, 2020).  The recent case of *United States v. Decator*, CCB-95-0202, 2020 WL 1676219 (D. Md. Apr. 6, 2020), is informative.[5]  There, Judge Blake considered a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), pursuant to the 2018 FSA.  The government argued that changes to

---

[5] The government has noted an appeal in *Decator*.

18 U.S.C. § 924(c) "cannot form a basis for sentence reduction" because the amendments are not retroactive. *Id.* at *4. Rejecting that assertion, Judge Blake said: "The court is not persuaded." *Id.* She concluded that she was not "prohibit[ed] from considering this legislative change in deciding whether to reduce Decator's sentence." *Id.* She said: "Decator's continued incarceration under a sentencing scheme that has since been substantially amended is a permissible … reason to consider him for compassionate release." *Id.* Judge Blake's logic concerning § 924(c), in the context of compassionate release, applies with equal force here.

Without the career offender enhancement, Mr. Stewart would begin with a base offense level of 32, which is six levels lower than the offense level the Court calculated at the sentencing hearing in 2009.[6] Adding a four-level role enhancement and subtracting three levels for acceptance of responsibility, Mr. Stewart's final offense level would be 33. And, his criminal history category would be V, not VI. Today, based on a final offense level of 33 and a criminal history category of V, Mr. Stewart would face a Guidelines range of 210 to 262 months of imprisonment.

Additionally, as noted, the court may consider an eligible defendant's post-sentencing conduct in determining whether relief is appropriate. *See Pepper*, 562 U.S. 476 (2011).

During his incarceration, Stewart has done well. While incarcerated, Stewart has worked in the plumbing department; earned his GED; and completed therapeutic, educational, and vocational programming, including courses on drug education, parenting, computers, real estate,

---

[6] The Presentence Report, relying on the November 2008 Guidelines Manual, converted the heroin and cocaine base to 31,000 kg of marijuana. Based on the conversion rates in that version of the Guidelines Manual, the 31,000 kg of marijuana presumed 1 kg of heroin and 1.5 kg. of cocaine base. The current Guidelines Manual converts drugs to "converted drug weight" rather than marijuana. Today, 1 kg of heroin converts to 1000 kg of converted drug weight and 1.5 kg of cocaine base converts to 5,356.5 kg of converted drug weight. In the drug table, 6,356.5 kg of converted drug weight falls within a Base Offense Leve of 32 (because it is greater than 3000 kg and less than 10,000 kg).

heating and air conditioning, and commercial driving. *See* ECF 469-4 (BOP Progress Report). Many letters have been submitted on his behalf, which address, *inter alia*, his devotion to his children and his remorse.

And, it is noteworthy that, in approximately twelve years of incarceration, the defendant has sustained only four minor disciplinary infractions. The last infraction occurred almost five and a half years ago. To that end, the defendant is currently housed at a low-security facility. ECF 469-13 (BOP Disciplinary Record).

Stewart also submitted a letter to the Court. ECF 469-12. He asserts that he "accept[s] full responsibility and sincerely apologize[s] for [his] actions that [have] impacted the community and neighborhoods of Baltimore." *Id.* at 1. Upon his release, Mr. Stewart looks forward to "being a mentor for youth programs…." *Id.*

## IV.    Conclusion

In my view, the defendant merits a reduction in sentence. I conclude that a sentence of 174 months (14 1/2 years) is sufficient but not greater than necessary.[7] A revised Judgment and Commitment Order shall issue.

An Order follows.

Date: July 31, 2020                                     /s/
                                                      Ellen L. Hollander
                                                      United States District Judge

---

[7] The BOP, of course, shall determine defendant's eligibility for credit for good behavior.